JERÓNIMO E. COLÓN, Plaintiff and Appellant, *v.* ERNESTO FERNANDO SCHLÜTER ET AL., Defendants and Appellees.

No. 6445.—Argued January 15, 1935.—Decided July 19, 1935.

E. *Díaz Santana* for appellant. *Joaquín Vendrell* for appellee Schlüter.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant took this appeal from a judgment of the District Court of San Juan dismissing his complaint in intervention *(tercería)*.

José Lizardi, one of the four members of the succession of Lizardi, by public deed executed in 1924, sold to Román Félix, married to Dominga Maldonado, five one-fourth undivided interests which he held in five properties located in the ward of Quebrada Arenas of Río Piedras, two of them being rural properties and three urban properties. In 1930 Ernesto Fernando Schlüter brought suit against Román Félix

to collect the amount of a mortgage. By public deed executed on April 2, 1931, Dominga Maldonado, wife of Román Félix, with the consent of her husband, sold the five coöwnerships above mentioned to Jerónimo Colón for $1,000, which, according to the deed the vendor acknowledged to have received prior to the act. These coöwnerships were attached and advertised for sale in 1932, in a suit brought by Ernesto Fernando Schlüter against Román Félix. Jerónimo Colón then brought the intervention proceeding which gave rise to the present appeal, against Ernesto Fernando Schlüter and Román Félix, and in the complaint he alleged that he was the owner of the undivided interests in question by purchase in 1931 from Dominga Maldonado, married to Román Félix, and prayed that, the coöwnerships being his property, the attachment levied thereon by Ernesto Fernando Schlüter be discharged. Schlüter opposed the complaint and filed an answer in which he set up that the purchase made by Jerónimo Colón in 1931 was simulated, for the reason that there was no consideration for such purchase, and that it was made to defraud the creditors of Román, including Schlüter, of their rights.

A trial was had and the complaint dismissed on the merits. In his appeal from that judgment Colón maintains that the same should be reversed on the ground that the court below erred in holding that the sale of the property made to Jerónimo Colón was simulated and had no other object than to defraud the creditors of Román Félix, including Schlüter, of their rights, and to prevent them from collecting their claims. He further contends that the court erred in weighing the evidence. Since both assignments are closely related, we shall consider them together.

In the complaint it was alleged that Dominga Maldonado bought the said undivided interests in 1928 before her marriage to Román Félix, but no evidence as to this was presented at the trial, nor is the deed of 1928 in the record.

Román Félix testified only that he was married to Dominga Maldonado and that he had divorced her in 1927.

The fundamental question in this case is whether the purchase made by Colón in 1931 was simulated as having been executed in fraud of Schlüter, a creditor of Román Félix.

In the cases of *García v. Banco Popular*, 39 P.R.R. 769, *Lebrón v. F. Fresno & Co. et al.*, 39 P.R.R. 814, and *Santini Fertilizer Co. v. Burgos et al.*, 34 P.R.R. 830, we held that section 1264 of our Civil Code provides that contracts by virtue of which a debtor gratuitously disposes of property are presumed to be made in fraud of creditors, and that according to the judgment of the Supreme Court of Spain of February 20, 1899, it will be understood that a price or its equivalent is lacking in contracts when the notary does not certify to its payment, or if the contracting parties acknowledge that such payment was made prior to the execution of the deed and this fact is not proved. We also said that such contracts will be presumed to have been executed without consideration, unless it be proved that the price was paid.

The intervener testified that he paid the $1,000 in bank notes on the very day on which the deed was executed, in the presence of the notary. Román Félix testified that he received that amount in bills at the time of the execution of the deed, after it was signed but while the notary was still present. The notary testified that no money whatever was delivered at the time the deed was executed, and that none was thereafter delivered in his presence.

Appellant sought to prove, by his own testimony and that of Román Félix, that Colón at once took possession of the property *(sic)* and that he had cut the canes thereon, using for the purpose oxen belonging to Julio Díaz and José G. Díaz. Román admitted, however, that after the sale he had taken part in cutting the cane because he always had been, and is, in business with Colón.

The witnesses for defendant Schlüter contradicted these statements. Félix Cruz testified that the only property which Colón owned was an acre *(cuerda)* of land which he sold, although he now has ten or twelve acres in Guaynabo, and that Román Félix still has what Lizardi sold to him, and is managing it. José Lizardi stated that the one-fourth interest which he sold to Román Félix was rented by Félix to Marín; that Colón has no property in Quebrada Arenas, although he has some in Hato Nuevo, and that he has never seen Colón upon the property which he sold to Román. Ramón Marín testified that he has properties in Quebrada Arenas, of Río Piedras, bounding with another property of Román Félix and with the Lizardi estate; that in order to protect his crops he had erected a wire fence along his boundary with Román Félix, which Félix tore down on June 24, 1931; that when he was trying to rent the property belonging to the estate of Lizardi, he went to see Román Félix and Jerónimo Colón to propose the sale of a tract which they said they had there; that the person to whom he proposed the deal was Román Félix; and that Félix told him that Colón was the owner of the parcel.

In view of the law and the authorities cited, as well as of the facts above set forth, we have reached the conclusion that the court below did not commit the errors assigned by the appellant, and consequently the judgment appealed from must be affirmed.